UNITED STATES of America, Plaintiff–Appellee,

v.

**Joseph Tim PHILLIPS, Defendant–Appellant.**

No. 01–6512.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2002.

**304**

Before MERRITT and GILMAN, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

Joseph Tim Phillips appeals a district court order clarifying the order of restitution that had been imposed as part of his criminal sentence. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

After pleading guilty to aiding and abetting the theft of property from a program that receives federal funds, Phillips was sentenced to twenty-one months of imprisonment and three years of supervised re-

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District

lease. The district court also ordered him to pay a $5,000 fine and approximately $845,000 in restitution to Kentucky State University. Phillips did not file a direct appeal, and the validity of his sentence is not at issue here. After judgment was entered, however, he moved to resolve several disputed issues regarding the payment of his fine and restitution. Phillips appeals the district court's rejection of his arguments regarding three of the issues.

■ First, Phillips contends that he is entitled to the exemptions allowed to debtors under § 3014 of the Federal Debt Collection Procedures Act, which governs procedures for the United States "to recover a judgment on a debt" owed to the United States on account of a fine or restitution. *See* 28 U.S.C. §§ 3001(a)(1), 3002(3)(B). The district court held that the exemptions allowed under § 3014 of that Act do not apply to enforcement of a restitution order as part of a criminal sentence. We agree with the district court that Phillips is not entitled to the exemptions listed in § 3014.

Subchapter B of chapter 229 of title 18 sets forth procedures that the United States may use to collect criminal fines and restitution. Section 3613(a) of subchapter B sets forth a narrow range of exemptions and expressly states that the broader § 3014 exemptions under the Federal Debt Collections Act are not available to the defendant under that section. *See* 18 U.S.C. § 3613(a)(1),(2). Section 3613(f) clarifies that all of the provisions of the section apply not only to fines but also to orders of restitution made part of a criminal sentence. *See* 18 U.S.C. § 3613(f). In addition, section 3613(f) incorporates by reference 18 U.S.C. § 3664(m)(1)(A), which provides that "an order of restitution may

of Michigan, sitting by designation.

be enforced by the United States in the manner provided for in ... subchapter B of chapter 229 of this title [18 U.S.C. §§ 3611–3615]." 18 U.S.C. § 3664(m)(1)(A); *see also id.* § 3663(h)(1) ("An order of restitution may be enforced ... by the United States ... in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title....."). Contrary to Phillips's assertions, the Federal Debt Collection Procedures Act does not control here without regard to when §§ 3613(f) and 3664(m)(1)(A) in title 18 were enacted. This is because the Act expressly disclaims control over the United States' enforcement of an order of restitution under any other available law: "This chapter shall not be construed to curtail or limit the right of the United States under any other Federal or State law ... to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." *See* 28 U.S.C. § 3003(b)(2). Thus, the right of the United States to enforce the restitution ordered in this case according to the provisions of subchapter B of chapter 229 of title 18 is not limited or curtailed by the Federal Debt Collection Procedures Act, and Phillips is not entitled to the exemptions available to debtors under § 3014 of the Act.

Next, Phillips contends that a check in the amount of $5,000, tendered to the district court clerk by his mother to pay his fine was improperly applied instead toward the amount he owes in restitution. Section 3612(c) provides that "[a]ny money received from a defendant" shall be applied to restitution before it is applied to a fine. Because the money was tendered by his mother, and not "received from [him]," Phillips contends that the statutory priority does not apply and that the clerk should have applied it according to his mother's wishes. The district court rejected his argument, stating that a more natural reading of the statute indicates that money tendered on behalf of the defendant is "money received from a defendant" and may be properly applied according to the statutory priority.

On appeal, Phillips urges this Court to read the statute by its "plain" language, which refers only to "money received from a defendant." If we do, he argues, the maxim "expressio unius est exclusio alterius," which states that the expression of one thing implies the exclusion of another, should lead us to infer that Congress intended that money received from a person *other than* the defendant is not subject to the statutory prioritization. We are not persuaded. The maxim Phillips refers us to is not a rule of construction, but merely an aid to construction, on that is ultimately subordinate to the duty of the Court to interpret a statute in conformity with its dominating purpose. *See, e.g., United States v. Barnes,* 222 U.S. 513, 519, 32 S.Ct. 117, 56 L.Ed. 291 (1912). We will not invest with significance Congress's purported silence by inferring a deliberate intent to allow the defendant to circumvent the statutory priority merely by having another person tender money on his behalf. Such an inference would be plainly at variance with clear intent of Congress to require defendants to pay first toward the damage caused to their victims and then toward fines. In our view, money received by the defendant's mother to pay for obligations that are his alone to satisfy is not materially different from money received from the defendant himself. Accordingly, the district court clerk did not act improperly in applying the $5,000 toward Phillips's restitution obligation.

Finally, Phillips argues that he should be allowed to retain from the proceeds of "forced sales" of his property by the United States an amount sufficient to cover his

personal tax liability for any capital gains realized as a result of the sales. In support, he points to 18 U.S.C. § 3613(c), which states that an order of restitution is treated as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue code of 1986." 18 U.S.C. § 3613(c). Following that thread, he arrives at 26 U.S.C. § 6342, which governs the application of proceeds of a tax sale. Section 6342(a)(1) provides that proceeds from a tax sale shall first be applied against the expenses of the proceedings. After expenses are paid, "[i]f the property seized and sold is subject to a tax imposed by any internal revenue law which has not been paid, the amount remaining after [paying expenses] shall then be applied against such tax liability"; 26 U.S.C. § 6342(a)(2), and finally "[t]he amount, if any, remaining ... shall then be applied against the liability in respect of which the levy was made or the sale was conducted," *id.* § 6342(a)(3). According to Phillips, subsection (a)(2) re-quires the United States to apply proceeds from the sale of his property to what he describes as "taxes imposed as a result of the sale" before applying any proceeds to his restitution liability.

 The government has not asserted that the "forced sale" of Phillips's property is subject to federal income taxation or declared whether, in the absence of receipt of actual income by Phillips, there would be recognition of gain. So the question at present is hypothetical and not ripe for decision. The issue should be decided in the foreclosure or tax proceeding when and if the issue arises. It is not appropriate for resolution by advisory opinion in this proceeding now.

Accordingly, the judgment of the district court is AFFIRMED.